33 Cal.Rptr.3d 629 (2005)
132 Cal.App.4th 269
In re M.R. et al., Persons Coming Under the Juvenile Court Law.
San Bernardino County Department of Children's Services, Plaintiff and Respondent,
v.
G.V., Defendant and Appellant.
No. E037337.
Court of Appeal, Fourth District, Division Two.
August 29, 2005.
Nicole A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.
Ronald D. Reitz, County Counsel, Dawn M. Messer and Michael A. Markel, Deputy County Counsels, for Plaintiff and Respondent.
Richard Pfeiffer, under appointment by the Court of Appeal, for Minors M.R. and J.R.
*630 Sharon M. Jones, Ventura, under appointment by the Court of Appeal, for Minors G.R. and P.R.
Certified for Partial Publication.[*]

OPINION
McKINSTER, J.
G.V., (hereafter mother) appeals from the trial court's order denying her Welfare and Institutions Code section 388[1] petition and from the subsequent orders terminating her parental rights to her two younger daughters, M.R. (M.) and J.R. (J.), and establishing guardianships for her two older children, P.R. (P.) and G.R. (G.). With respect to the order denying her section 388 petition, mother contends that the trial court abused its discretion. In challenging the termination of parental rights, mother contends that she demonstrated that the exceptions apply under section 366.26, subdivisions (c)(1)(A) and (c)(1)(E), for a beneficial relationship and sibling relationship, respectively. Mother also contends that G. was denied effective assistance of counsel, and that the trial court improperly delegated visitation with P. and G. to the legal guardians.
In the published portion of this opinion we hold that the trial court improperly delegated to the legal guardian the power to decide whether mother would be allowed to visit her two older children, P. and G. Therefore, we will reverse that order and will direct the trial court, on remand, to make a new visitation order that specifies both the frequency and duration of mother's visits. In the unpublished portion of this opinion, we hold that mother met her burden of demonstrating that the beneficial relationship exception to parental rights termination applies in this case. Therefore, we will reverse the judgment terminating mother's parental rights to J. and M. and will remand the matter to the trial court for a new section 366.26 hearing.

FACTUAL AND PROCEDURAL BACKGROUND[**]

DISCUSSION

1.-3.[**]

4.

DELEGATION OF VISITATION TO LEGAL GUARDIAN
Mother contends that the trial court improperly delegated to the legal guardian the power to decide if mother could visit with P. and G. The trial court, in ordering visitation with P. and G. under the permanent plan of guardianship, directed that, "Visitation between the child and parents shall be supervised and arranged by the legal guardians at their discretion." Mother contends the order is erroneous because it does not specify the frequency and duration of visitation and as a result gives the legal guardians discretion to determine not when but whether visitation will occur.
Mother did not object to the visitation order in the trial court. Therefore, DCS contends mother has forfeited her right to challenge the order on appeal. We will address mother's claim, despite her failure to object. (See In re S.B. (2004) 32 Cal.4th 1287, 13 Cal.Rptr.3d 786, 90 P.3d 746 [an appellate court has discretion to excuse forfeiture when the case presents an important issue].) We do so in order to clarify the effect of the most recent amendment to the pertinent statute that went into effect only days before the trial court made the visitation order mother *631 challenges in this appeal, and to provide guidance to the trial court on remand.
Resolution of mother's claim that the visitation order is inadequate requires us to recount the evolution of the statute in question, which has undergone two recent amendments, one effective January 1, 2004, and the second, effective January 1, 2005. The Supreme Court recently recounted the statutory evolution in In re S.B. and we can do no better here than to quote and paraphrase that opinion liberally. Before the amendment that became effective on January 1, 2004, the pertinent visitation provision was found in section 366.26, subdivision (c)(4).[20] The statutory language regarding visitation was placed at the end of a long paragraph that addressed both legal guardianships and long-term foster care as permanent plans. Placement of the provision created uncertainty, and a split of opinion in appellate courts,[21] regarding whether the visitation language applied only to long-term foster care or to both foster care and legal guardianship. (See In re S.B., supra, 32 Cal.4th at pp. 1294-1295, 13 Cal.Rptr.3d 786, 90 P.3d 746.)
As a result of a statutory amendment that became effective on January 1, 2004, foster care and legal guardianship were addressed in two separate paragraphs of section 366.26, subdivision (c)(4). Section 366.26, subdivision (c)(4)(A), addressed legal guardianships and did not include language regarding visitation. Section 366.26, subdivision (c)(4)(B), addressed long-term foster placements and included language regarding visitation. (In re S.B., supra, 32 Cal.4th at p. 1295, 13 Cal.Rptr.3d 786, 90 P.3d 746.) Because the visitation language was included only in the paragraph that addressed long-term foster care, the Supreme Court concluded in In re S.B., supra, that "the juvenile court's obligation to `make an order for visitation' is triggered only when the court decides to leave the child with a caretaker who is not willing to become the child's legal guardian, and not when ... the court appoints the child's caretaker as the child's legal guardian." (In re S.B., supra, 32 Cal.4th at pp. 1295-1296, 13 Cal.Rptr.3d 786, 90 P.3d 746.) In other words, under the 2004 version of the statute, when the permanent plan is legal guardianship, the court is not required to make a visitation order and may leave visitation entirely to the discretion of the legal guardian.
In re S.B. would be the end of the story and would resolve mother's claim in this appeal had the Legislature not amended section 366.26, subdivision (c)(4) again. In that amendment, effective January 1, 2005, the Legislature placed the visitation provision in a separate paragraph. As a result, in its current incarnation section 366.26, subdivision (c)(4), includes a paragraph that addresses legal guardianship (§ 366.26, subd. (c)(4)(A)), a paragraph *632 that addresses long-term foster care (§ 366.26, subd. (c)(4)(B)), and a new third paragraph that addresses visitation (§ 366.26, subd. (c)(4)(C)). Section 366.26, (c)(4)(C), which applies in this case because the hearing at which the trial court made the visitation order occurred after the effective date of the amendment, provides: "The court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child."
By placing the visitation provision in a separate paragraph, the Legislature made clear its intent to require juvenile courts to make visitation orders in both long-term foster care placements and legal guardianships. (See Assem. Floor Analysis, Assem. Bill No. 2807 (2003-2004 Reg. Sess.) as amended Aug. 23, 2004 at [as of Aug. 4, 2005] which notes that one purpose of the most recent amendment was to "restore" the requirement of a visitation order to both long-term foster care and legal guardianship].)
Because the trial court was required to make a visitation order unless it found that visitation was not in the children's best interest, it could not delegate authority to the legal guardian to decide whether visitation would occur. (In re Randalynne G., supra, 97 Cal.App.4th at p. 1164, 118 Cal.Rptr.2d 880.) The court may delegate authority to the legal guardian to decide the time, place, and manner in which visitation will take place. (Ibid.) The visitation order in this case, like that at issue in In re Randalynne G., left every aspect of visitation, other than supervision, to the discretion of the legal guardian. As such, the order was an improper delegation of the judicial function and therefore an abuse of discretion. (In re Randalynne G., supra, at pp. 1165-1167, 118 Cal.Rptr.2d 880.) Accordingly, on remand the trial court must specify not only that mother has a right to visit P. and G., but must also specify the frequency and duration of those visits.

DISPOSITION
The judgments terminating mother's parental rights to J. and M. are reversed and the case remanded to the juvenile court for a new section 366.26 hearing. On remand the court shall conduct further proceedings on the issue of mother's visitation with G. and P. and make a new visitation order that specifies the frequency and duration of those visits. The court shall also make a visitation order that includes the same details if, after the new section 366.26 hearing, the court orders legal guardianship as the permanent plan for J. and M.
We concur: RAMIREZ, P.J., and HOLLENHORST, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, only the introductory paragraphs of this opinion and part 4 of the "Discussion" are certified for publication.
[1] All further statutory references are to the Welfare and Institutions Code unless indicated otherwise.
[**] See footnote*, ante.
[20] Section 366.26, subdivision (c)(4) stated in pertinent part: "If the court finds that adoption of the child or termination of parental rights is not in the best interest of the child ... the court shall either order that the present caretakers or other appropriate persons shall become legal guardians of the child or order that the child remain in long-term foster care.... The court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child."
[21] We held in In re Randalynne G. (2002) 97 Cal.App.4th 1156, 118 Cal.Rptr.2d 880, that the juvenile court must make a visitation order under section 366.26, subdivision (c)(4), when guardianship is the permanent plan. Our colleagues in Division Three of this court held in In re Jasmine P. (2001) 91 Cal.App.4th 617, 110 Cal.Rptr.2d 562, that a visitation order is required only when long-term foster care is the plan.