181 Cal.App.4th 1310 (2010)
104 Cal. Rptr. 3d 706
In re REBECCA S. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent,
v.
ROBERT S., Defendant and Appellant.
No. B216227.
Court of Appeals of California, Second District, Division One.
February 8, 2010.
*1312 Linda Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.
James M. Owens, Assistant County Counsel, and Byron G. Shibata, Associate County Counsel, for Plaintiff and Respondent.

OPINION
CHANEY, J.
The sole contention on this appeal is that the juvenile court abused its discretion by delegating the determination of the details of visits by appellant Robert S. (Father) with his children to the children's legal guardian. Father does not challenge the order granting guardianship. We will reverse the visitation order and remand for the trial court to specify the frequency and duration of visits.

BACKGROUND
There is a lengthy and tortured background regarding Father and his three children, but those facts are not pertinent to the issue on appeal. Suffice it to say that Father had been incarcerated and wanted to reestablish his relationship with his children. The children came to the attention of the Los Angeles County Department of Children and Family Services (DCFS) in October 2006, based on their living situation with their mother and stepfather.
In January 2007, the children were declared dependents of the court pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (b).[1] Following numerous hearings and reviews of the situation, in April 2009, the juvenile court named Lorraine A. (Maternal Aunt) the children's legal guardian, pursuant to section 366.26, and terminated jurisdiction.
*1313 Father challenges only the visitation order, which provided in full as follows: "And as to visitation, that while I will order that the parents have monitored visits, your responsibility as a guardian is to arrange the frequency, location, duration, et cetera, taking into consideration the children'[s] well-being." The written order similarly provided as follows: "Monitored visits for parents. Duration, frequency and location to be determined by the legal guardian." At the April 2009 hearing, the court asked if there were any questions, but Father did not object to the visitation order or ask any questions. Father filed a notice of appeal.

DISCUSSION
(1) Father contends that the juvenile court improperly delegated discretion to Maternal Aunt in its visitation order. In a section 366.26 permanency hearing, if the court appoints a legal guardian for children who are dependents of the court, "[t]he court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (§ 366.26, subd. (c)(4)(C).) The statute has gone through various permutations, but, in its most recent amendment, "the Legislature made clear its intent to require juvenile courts to make visitation orders in both long-term foster care placements and legal guardianships." (In re M.R. (2005) 132 Cal.App.4th 269, 274 [33 Cal.Rptr.3d 629]; see also In re S.J. (2008) 167 Cal.App.4th 953, 961-962 [84 Cal.Rptr.3d 557] [discussing the history of the provision].) Thus, pursuant to section 366.26, the juvenile court here "was required to make a visitation order unless it found that visitation was not in the children's best interest," and the juvenile court "could not delegate authority to the legal guardian to decide whether visitation would occur." (In re M.R., supra, 132 Cal.App.4th at p. 274.)
DCFS contends that Father forfeited his right to challenge the visitation order because he did not challenge it in the juvenile court. Although we agree that Father waived the issue by failing to raise it in the juvenile court, we will exercise our discretion to consider the issue.
(2) "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" (In re S.B. (2004) 32 Cal.4th 1287, 1293 [13 Cal.Rptr.3d, 90 P.3d 746], fn. omitted.) However, "application of the forfeiture rule is not automatic." (Ibid.) An issue may be raised on appeal if "`it raises only a question of law *1314 and can be decided based on undisputed facts.' [Citations.]" (In re V.F. (2007) 157 Cal.App.4th 962, 968 [69 Cal.Rptr.3d 159].) Where, as here, "the facts are not disputed, the effect or legal significance of those facts is a question of law," which "is not automatically subject to the doctrine of forfeiture." (Ibid.) We therefore exercise our discretion to address Father's contention. (See, e.g., In re M.R., supra, 132 Cal.App.4th at p. 272 [exercising its discretion to address the visitation order despite the mother's failure to object to the order in the juvenile court].) "We review applicable legal principles de novo, but apply a deferential standard of review to the court's exercise of discretion and resolution of disputed facts." (In re V.F., supra, 157 Cal.App.4th at p. 968.)
In In re M.R., supra, 132 Cal.App.4th 269, the mother contended that the juvenile court improperly delegated to the legal guardian the authority to decide whether visits would occur with her children. The visitation order in In re M.R. provided that "`[v]isitation between the child and parents shall be supervised and arranged by the legal guardians at their discretion.'" (Id. at p. 272.) The appellate court held that the visitation order improperly delegated the judicial function to the legal guardian. (Id. at p. 274.) Although "[t]he court may delegate authority to the legal guardian to decide the time, place, and manner in which visitation will take place," the visitation order in In re M.R. improperly "left every aspect of visitation, other than supervision, to the discretion of the legal guardian." (Ibid.) The court therefore remanded and "direct[ed] the trial court, on remand, to make a new visitation order that specifies both the frequency and duration of mother's visits." (Id. at p. 271.)
(3) Here, the visitation order provided for monitored visits, but it left the frequency, duration, and location of the visits within Maternal Aunt's discretion. The time, place, and manner of visitation may be left to the legal guardian, but leaving the frequency and duration of visits within the legal guardian's discretion allows the guardian to decide whether visitation actually will occur. (In re M.R., supra, 132 Cal.App.4th at pp. 271, 274.) To hold otherwise would be to transfer this important decision to the possible whims of the legal guardian. Because the trial court already has determined that visitation with Father is warranted and appropriate, scheduling the frequency and duration of these visits ensures that the court's goal of maintaining this parental relationship will occur. This portion of the order therefore constituted an abuse of discretion.

*1315 DISPOSITION
The portion of the order regarding visitation is reversed, and the matter is remanded to the juvenile court with directions to specify the frequency and duration of Father's visits.
Mallano, P. J., and Rothschild, J., concurred.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified. Section 300 provides that a child who comes within certain descriptions "is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court." Subdivision (a) describes a child who has suffered or is at substantial risk of suffering "serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian"; subdivision (b) describes a child who will suffer such harm due to a failure to protect the child. (§ 300, subds. (a) & (b).)