Filed 6/24/13  In re Kiara T. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re KIARA T., a Person Coming Under the Juvenile Court Law. | B245115 <br> (Los Angeles County <br> Super. Ct. No. CK00259) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PRUDENCE S., <br><br> Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Amy M. Pellman, Judge.  Reversed and remanded.

M. Elizabeth Handy, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Denise M. Hippach, Deputy County Counsel, for Plaintiff and Respondent.

_____

Prudence S. (Mother) appeals from the denial of her petition brought pursuant to Welfare and Institutions Code section 388. Both Mother and the Department of Children and Family Services (DCFS) agree that the order currently in effect giving the legal guardian discretion to determine visitation is in error. We reverse the trial court's order denying Mother's petition and remand the matter to the dependency court to determine whether visitation is appropriate and, if so, to specify the frequency and duration of the visits.

## BACKGROUND

Kiara T. was born in 1998, testing positive for cocaine at birth. Seven of her older siblings were already dependents of the court due to Mother's drug use. A petition was filed on Kiara's behalf pursuant to Welfare and Institutions Code section 300, subdivisions (b), (i), and (j),[1] and she was declared a dependent and placed with her paternal grandmother, Carol C., when she was approximately three months old. In January 2001, the court ordered guardianship with Carol C. as the permanent plan for Kiara. Letters of guardianship were issued granting visitation rights between Kiara and Mother, at the discretion of the legal guardian. On March 14, 2003, the court terminated jurisdiction over Kiara's case with Kin-Gap funding in place for Carol C. as the guardian.

On August 23, 2012, Mother filed a section 388 petition, apparently seeking a change in visitation rights. Along with the petition she submitted various certificates and awards documenting her recent achievements, including completion of a drug court program in 2008.

A report responding to the section 388 petition was filed in September 2012 by a DCFS social worker. The report noted that Mother has an extensive criminal history dating back to 1988, with convictions for drug possession, theft, and prostitution. Kiara was interviewed for the report. She said that she did not want to live with Mother because she did not like where Mother lived and, when she was younger and would visit

---

[1] All further statutory references are to the Welfare and Institutions Code.

Mother, Mother's younger daughter fought with her. Kiara told the social worker that she was not interested in having any further visits with Mother. She did not love Mother and Mother had never provided her with anything. She had last seen Mother about a year before, and Mother did not regularly call her. Kiara wished to stay with Carol C., who was very good to her and taught her a lot.

Mother was interviewed for the report and stated that she wished for Kiara to have a relationship with Mother's younger daughter. Mother said that Carol C. was preventing Mother from having contact with Kiara. Mother wanted Kiara to be happy, and she understood that Kiara was old enough to decide where she wanted to live.

Carol C. was also interviewed for the report. She stated that Kiara had a "horrible" relationship with Mother and had not seen her in more than a year. She said that Mother did not call Kiara on her birthday or for Christmas. According to Carol C., Mother did not love Kiara and filed the section 388 petition only to spite Carol. Ever since Kiara found out that Mother had filed the petition, Kiara had been waking up in the middle of the night and going to sleep with Carol C. because she was scared.

Mother's section 388 petition was heard on September, 27, 2012. The court denied the petition and ordered that the termination of jurisdiction orders remain in full force and effect.

Mother timely appealed.

## DISCUSSION

Section 366.26, subdivision (c)(4(C), which applies when a court orders legal guardianship for a child, provides that the "court shall . . . make an order for visitation with the parents . . . unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child."

Because the dependency court is required to make a visitation order unless it finds that visitation is not in the child's best interest, the court may not delegate to the legal guardian the authority to decide whether visitation will be allowed. (*In re M.R.* (2005) 132 Cal.App.4th 269, 274.) "The court may delegate authority to the legal guardian to decide the time, place, and manner in which visitation will take place" (*ibid.*), but the

3

court itself must decide whether and how often visitation will occur (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123).

The dependency court here ran afoul of this rule in 2001 when it ordered that visitation would be at the discretion of the legal guardian. It failed to correct the error in September 2012 by denying Mother's section 388 petition without making any change to the visitation order.

Accordingly, on remand the trial court must determine whether visitation between Mother and Kiara is warranted and, if it is, specify the frequency and duration of visitation. (See *In re M.R.*, *supra*, 132 Cal.App.4th at p. 274.)

## DISPOSITION

The order denying Mother's section 388 petition is reversed, and the matter is remanded to the dependency court with directions to determine whether to order visitation for Mother. If an order for visitation is issued, the dependency court shall specify the frequency and duration of Mother's visits.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                            BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.