Filed 3/18/15  In re R.S. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re R.S., a Person Coming Under the Juvenile Court Law. | B257103 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK79963) |
| Plaintiff and Respondent, | |
| v. | |
| L.B.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Carlos E. Vazquez, Judge.  Affirmed.

Janice A. Jenkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Tarkian & Associates and Arezoo Pichvai for Plaintiff and Respondent.

* * * * * *

This appeal arises from an order of the juvenile court terminating jurisdiction over R.S., the child of appellant mother, and placing the child in a Kin-GAP[1] legal guardianship with his paternal grandparents. At the April 2, 2014 hearing terminating dependency jurisdiction, the court ordered that mother was to have visitation with R.S. in any amount, with a minimum of two hours per month, and that the guardians would have discretion to liberalize or minimize the visitation schedule. Mother appeals, arguing the court's order illegally vests the legal guardians with sole discretion over the visitation schedule. We affirm.

### FACTS

Given the narrow issue on appeal, we briefly summarize the facts for context, focusing on those limited facts and procedural issues material to our discussion.

R.S. is one of two children mother had with father (the other child is R.S.'s older brother). Father is not a party to this appeal. Mother also has at least one other minor child who is a younger half sibling to R.S. In November 2009, the Los Angeles County Department of Children and Family Services (Department) filed a petition pursuant to Welfare and Institutions Code section 300, subdivisions (b) and (g) as to R.S. and his older brother. Reunification services were provided to mother, but ultimately proved unsuccessful and were terminated in January 2013. The Department recommended R.S. be adopted by his paternal grandparents who were his caregivers. The grandparents were interested in adoption.

After a contested Welfare and Institutions Code section 366.26 hearing, the court ordered legal guardianship as the permanent plan. R.S.'s paternal grandparents were appointed his legal guardians with Kin-GAP assistance. The court decided not to terminate parental rights due in part to evidence showing R.S.'s bond to his siblings.

At the April 2, 2014 hearing, the court signed the guardianship papers and terminated dependency jurisdiction. As to visitation the court ordered that mother was

---

[1] Kinship Guardianship Assistance Payment Program (Kin-GAP; Welf. & Inst. Code, § 11360).

2

"to have visits with [R.S.] in any amount of at least two hours per month." Mother did not state any objection on the record to the terms of the visitation order, except to confirm that mother's visitation was to be unmonitored. The court reiterated that the visitation for mother was to be unmonitored.

This appeal followed. Mother's notice erroneously states the date of the relevant hearing from which the appeal is taken as April 20, 2014, instead of April 2, 2014. There was no hearing regarding R.S. on April 20 and the error is plainly a drafting error that caused no prejudice to respondent. We therefore reject respondent's contention the appeal should be dismissed on this basis.

## DISCUSSION

Mother asks this court to reverse the juvenile court's April 2, 2014 order, arguing that it illegally vests sole discretion in the legal guardians to determine when visitation will occur. We find that mother has forfeited this argument by failing to state any objection on the record. In any event, the visitation order is not improper.

It is a fundamental principle of appellate jurisprudence that ordinarily issues not timely preserved below by way of objection will be deemed forfeited. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590.) The purpose behind this rule is "to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.) The rule applies in dependency matters. (*In re Dakota S.* (2000) 85 Cal.App.4th 494, 502.)

Mother, represented by counsel, participated in the April 2, 2014 hearing. Mother agreed to the terms of the visitation order and failed to raise any objection to the court's recitation of those terms on the record. Mother was not denied an opportunity to state a timely objection that the legal guardians (R.S.'s paternal grandparents) would have discretion to minimize or liberalize her visits with R.S. We conclude mother has forfeited her appellate argument on this ground. (*People v. Saunders*, *supra*, 5 Cal.4th 580; *In re Dakota S.*, *supra*, 85 Cal.App.4th 494.)

3

Notwithstanding the foregoing, an appellate court may excuse a forfeiture in appropriate circumstances. This discretion "should be exercised *rarely* and only in cases presenting an important legal issue. [Citations.] Although an appellate court's discretion to consider forfeited claims extends to dependency cases [citations], the discretion must be *exercised with special care* in such matters." (*In re S.B.*, *supra*, 32 Cal.4th at p. 1293, italics added.)

Mother contends her argument should be heard because it presents a pure issue of law and embraces an important issue, specifically an improper delegation of judicial authority. We disagree the court improperly delegated visitation. This is *not* a circumstance where the juvenile court unlawfully vested sole discretion in a third party or otherwise delegated its authority to the legal guardians *to determine whether mother was entitled to any visitation at all*. (See, e.g., *In re Chantal S.* (1996) 13 Cal.4th 196; *In re Hunter S.* (2006) 142 Cal.App.4th 1497.) The court's order clearly provides that mother is entitled to a minimum of two hours of unmonitored visitation each month. The court ordered mother was to have visits "in any amount of at least two hours per month," and that after the case closed, "[t]he legal guardian may minimize or liberalize the visits." The only reasonable interpretation of the order is that mother was entitled to a minimum of two hours unmonitored visitation per month, but the guardians could allow as many visits as they considered appropriate, and cut back on the visits, so long as mother had at least two hours with her son each month.

Mother's reliance on *In re E.T.* (2013) 217 Cal.App.4th 426 is misplaced. There, the juvenile court, in its dispositional order, merely directed the Department to "create" a detailed written visitation schedule. (*Id*. at p. 439.) We reversed and remanded with directions to the juvenile court to specify the frequency and duration of visitation, explaining that a "visitation order must give some indication of how often visitation should occur." (*Ibid*.) However, the specifics of the "time, place, and manner of visitation" may properly be left to the legal guardian. (*In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314.)

4

The court here did provide a minimum framework regarding the frequency (monthly) and duration (at least two hours) of mother's visits with R.S. The visitation order did not constitute an improper delegation of authority. (*In re M.R.* (2005) 132 Cal.App.4th 269, 274.)

Moreover, to the extent mother confronts difficulties visiting R.S., mother may seek an order from the juvenile court enforcing her minimum of two hours of unmonitored visitation each month. Under the retained jurisdiction related to the guardianship, "any motions relating to that guardianship may properly be filed in the juvenile court." (*In re D.R.* (2007) 155 Cal.App.4th 480, 486-487; see also Cal. Rules of Court, rule 5.740(c) ["A petition to terminate a guardianship established by the juvenile court, to appoint a successor guardian, or to modify or supplement orders concerning the guardianship must be filed in juvenile court."]; see also *In re Twighla T.* (1992) 4 Cal.App.4th 799, 806 [affirming juvenile court's order terminating dependency jurisdiction because record showed guardian exhibited cooperative attitude toward visitation by parent and if problems developed, parent had access to juvenile court based on its retained jurisdiction over guardianship].)

## DISPOSITION

The juvenile court's order of April 2, 2014, is affirmed.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.

5