Filed 7/29/21  In re D.W. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re D.W. et al., Persons Coming Under the Juvenile Court Law. | |
| | D078740 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. Nos. J519399A-B) |
| v. | |
| B.G., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Rohanee Zapanta, Judge.  Dismissed in part, reversed in part, and remanded with instructions.

Christine E. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Eliza Molk, Deputy County Counsel, for Plaintiff and Respondent.

B.G. (Mother) appeals the juvenile court's order issued at the contested hearing on March 11, 2021 under Welfare and Institutions Code[1] section 366.26, establishing a legal guardianship for her son, T.L. Mother's other son, D.W., was also before the juvenile court on March 11, 2021, for a contested family maintenance review hearing under section 364, and the juvenile court ordered that D.W. remain in the care of T.W. (Father).[2] In her opening brief, Mother's sole challenge is to the juvenile court's visitation order issued pursuant to T.L.'s legal guardianship. She contends that the juvenile court improperly authorized T.L.'s legal guardian to determine the frequency and duration of Mother's visitation with T.L., and requests a remand with instructions that the juvenile court issue an order specifying both the frequency and duration of Mother's visits.

In a letter brief, the San Diego County Health and Human Services Agency (the Agency) concedes that the juvenile court erred in leaving it to the legal guardian to determine the frequency and duration of Mother's visitation with T.L. Mother and the Agency have filed a joint stipulation for the immediate issuance of a remittitur as to both children. (Cal. Rules of Court, rule 8.272(c)(1).) The parties acknowledge that Mother has not raised any challenge to the juvenile court's order as to D.W., and they anticipate that Mother's appeal as to D.W. will be dismissed. As to T.L., the parties set forth their agreement to a limited remand with instructions to the juvenile court to specify the frequency and duration of Mother's visitation with T.L. under the legal guardianship.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Father is not a party to this appeal.

We accept the Agency's letter brief in lieu of a formal respondent's brief and consider the matter to be fully briefed. (Cal. Rules of Court, rule 8.200(a)(2).) For the reasons stated *post*, we accept the parties' stipulation, dismiss the appeal as to the order issued in D.W.'s case, reverse the visitation order in T.L.'s case, and remand with instructions that the juvenile court specify the frequency and duration of T.L.'s visitation.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, T.L. and D.W. were declared dependents of the juvenile court due to domestic violence in the home. Both children were removed from Mother's custody and reunification services were ordered for Mother. During the reunification period, Mother's visitation with the children was inconsistent, she was not compliant with her case plan requirements, she did not participate in her court ordered services, and she had several arrests. In 2017, the juvenile court terminated Mother's reunification services and formally placed T.L. with the caregiver who would eventually become his legal guardian. No issues were reported during T.L.'s placement. Although the caregiver was unwilling to adopt T.L., she was willing to provide T.L. with the permanency of a legal guardianship. Meanwhile, D.W. was placed in Father's care under a plan of family maintenance.

At the contested section 366.26 hearing on March 11, 2021, the Agency recommended that the juvenile court appoint T.L.'s current caregiver as his legal guardian and terminate dependency jurisdiction. The parties, including Mother, submitted on this recommendation. Mother's counsel asserted that although Mother would like to have both children in her care, she did not want to disrupt T.L.'s placement with the legal guardian. Regarding visitation, Mother's counsel stated that the presumption was for the legal guardian to expand Mother's visitation to unsupervised visits once the

juvenile court terminated jurisdiction over T.L. and closed his case.[3] T.L.'s counsel conveyed to the juvenile court that although T.L. wanted to be placed with Mother, he understood why the legal guardianship was the best placement for him.

After hearing the parties' statements and reviewing the Agency's reports, the juvenile court found that T.L. was adoptable, but that an exception existed under section 366.26, subdivision (c)(1) that made termination of parental rights detrimental to T.L. The juvenile court ordered a permanent plan of legal guardianship for T.L. and appointed the caregiver as his legal guardian. Regarding visitation, the juvenile court ordered reasonable, supervised visits for Mother with T.L., with the legal guardian to determine the time, place, frequency, and duration of the visits. The court then terminated jurisdiction over T.L.

At the same hearing, the juvenile court ordered D.W. to remain in Father's care under a family maintenance plan.

Mother timely appealed.

## DISCUSSION

The parties' stipulation sets forth their agreement to the following: 1) dismissal of Mother's appeal as to the order in D.W.'s case; and 2) reversal of the visitation order in T.L.'s case and remand with instructions that the juvenile court specify the frequency and duration of Mother's visitation with

---

[3] Contrary to the Agency's suggestion, Mother's counsel did not affirmatively request that all decisions over T.L.'s visitation be entrusted to the legal guardian. Further, even if Mother forfeited her ability to challenge the visitation order by failing to raise it in the juvenile court, the Agency submits that this court should exercise its discretion and consider Mother's challenge to the visitation order.

4

T.L. under the legal guardianship.  Based on our independent review of the record, we accept the stipulation.

1. *Mother's Appeal of the Order in D.W.'s Case Should Be Dismissed*

Mother's notice of appeal stated that she was appealing, in part, the juvenile court's order entered on March 11, 2021 regarding D.W.  However, in her opening brief, Mother does not raise any challenge to the order as to D.W.  Mother acknowledges this in the stipulation, and the parties state their expectation that Mother's appeal as to D.W. will be dismissed.  Accordingly, we accept the stipulation as to D.W. and dismiss this portion of the appeal.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994 [appellate court may deem an appeal abandoned and dismiss it based on appellant's failure raise a claim of reversible error].)

2. *The Juvenile Court's Visitation Order as to T.L. Improperly Left It to the Legal Guardian to Determine the Frequency and Duration of Mother's Visitation with T.L.*

Although the juvenile court may vest a child's legal guardian with the discretion to decide the time, place, and manner of visitation between a child and a parent pursuant to the legal guardianship, the juvenile court must, at a minimum, specify the *frequency* and *duration* of the visits.  (*In re M.R.* (2005) 132 Cal.App.4th 269, 274 (*M.R.*).)  The juvenile court in this case, however, expressly delegated the determination of the frequency and duration of Mother's visitation with T.L. to T.L.'s legal guardian:  "I do order the parents have reasonable supervised visitation with the guardian[ ] to determine the time, place, frequency and duration of such visits."  This order effectively allows the legal guardian to decide whether visitation will occur, and constitutes an abuse of discretion by the juvenile court.  (See *In re Ethan J.* (2015) 236 Cal.App.4th 654, 660–661; *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314; *M.R.* at p. 274.)  The parties stipulate to a reversal

5

on this basis and request a remand to the juvenile court to craft an order specifying the frequency and duration of Mother's visits with T.L.

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8) is permissible in a juvenile dependency case when the stipulated reversal will not adversely affect the rights of any nonparty or the public, and the reasons for requesting reversal outweigh the erosion of public trust that may result from nullification of a judgment. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382 (*Rashad H.*).) The court also considers whether the stipulated reversal will reduce the incentive for pretrial settlement. (*Ibid.*)

Applying those factors, we accept the parties' stipulation for reversal. First, there is no reasonable possibility that the interests of nonparties to the stipulation or the public will be adversely affected by reversal of the judgment in this case. In fact, T.L.'s best interests will be advanced by reversal of the visitation order. In 2005, the Legislature amended section 366.26, subdivision (c)(4)(C) to instruct the juvenile courts to make visitation orders when a child is ordered into a permanent plan of legal guardianship, absent a finding that visitation would be detrimental. (See *M.R.*, *supra*, 132 Cal.App.4th at p. 274 [juvenile court is required to make a visitation order under § 366.26, subd. (c)(4)(C) unless it finds that visitation is not in the child's best interests].) Because there is no detriment finding regarding visitation in this case, it is presumed that visitation between Mother and T.L. is in T.L's best interests. A reversal of the juvenile court's order will permit that court to set minimum parameters for visitation to ensure that visitation will occur.

Further, the parties agree, and we concur, that the juvenile court's visitation order erroneously delegated to T.L.'s legal guardian the authority

6

to decide the frequency and duration of visitation. When such reversible error is presented on appeal, a stipulated reversal advances the public trust by assuring the public that the courts and parties will promptly and reasonably act to address situations in which reversal is necessary. (See *Rashad H.*, *supra*, 78 Cal.App.4th at pp. 381–382.) Finally, pretrial settlement is not an issue in this case. For these reasons, we accept the parties' stipulation for reversal of the visitation order as to T.L.

## DISPOSITION

Mother's appeal of the March 11, 2021 order in D.W.'s case is dismissed. The March 11, 2021 visitation order in T.L's case is reversed and remanded to the juvenile court with instructions to hold a new hearing on the issue of Mother's visitation. On remand, the juvenile court is instructed to make a new visitation order that specifies the frequency and duration of the visits between Mother and T.L. The clerk is directed to issue a remittitur forthwith. (Cal. Rules of Court, rule 8.272(c)(1).)

AARON, J.

WE CONCUR:

HALLER, Acting P. J.

DO, J.

7