Filed 8/3/22  In re L.M. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re L.M. et. al., Persons Coming Under the Juvenile Court Law. | B316381 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>L.M.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK14789A-B) |

APPEAL from findings and orders of the Superior Court of Los Angeles County.  Susan Ser, Judge.  Reversed and remanded with directions.

Maryann M. Goode, under appointment by the Court of Appeal, for Appellant.

Dawyn Harrison, Acting County Counsel, David Michael Miller, Deputy Counsel, for Respondent.

_____

Appellant Larry M. (Father) appeals from an order granting legal guardianship of his children, L.M. and S.M. (Children), to their paternal grandmother without also ordering a minimum frequency and duration of parental visitation. On appeal, Father claims that the juvenile court abused its discretion by giving the legal guardian the discretion to determine his right to visitation because it failed to specify the frequency and duration of his visitation. We, and the Los Angeles County Department of Children and Family Services (Department), agree that the juvenile court erred by not ordering the frequency and duration of his visits. We disagree with the contention that the juvenile court erred by delegating to the guardian the decision of whether the visits should be monitored. The record actually reflects the court itself ordered monitored visits.

We reverse and remand for further proceedings.

## BACKGROUND

We recite only those facts relevant to the narrow issue on appeal. On June 25, 2021, the juvenile court held a Welfare and Institutions Code section 366.26 permanency hearing.[1] During the hearing, Father requested at least one unmonitored visit with the Children per week. The court denied that request, responding that Father's visits would be "worked out with the legal guardian. So I'm going to order just mutually agreed upon visits and . . . the monitor." The court determined that legal guardianship was the appropriate permanent plan for the Children, granted the Children's paternal grandmother legal guardianship, and, in its written order, ordered Father's visits

---

[1]    All subsequent undesignated statutory references are to the Welfare and Institutions Code.

2

with the Children to be "mutually agreed upon with the legal guardian and monitor." The court then terminated its dependency jurisdiction.

Father timely appealed.

## DISCUSSION

We review the visitation order for abuse of discretion. (*In re S.H.* (2011) 197 Cal.App.4th 1542, 1557 (*S.H.*).)

On appeal, Father argues that the juvenile court abused its discretion by allowing the legal guardian to determine his visitation.[2] He argues that by ordering legal guardianship as the permanent plan, the juvenile court was required to also issue a visitation order under section 366.26, subdivision (c)(4). Specifically, he claims that the juvenile court was required to make orders as to the frequency, duration, and monitoring of his visits with the Children. The Department "agrees with [f]ather and does not oppose a limited reversal and remand with

---

[2] Although Father's opening brief states in its conclusion that we should reverse the guardianship order, he does not argue that the juvenile court's guardianship determination was in error, let alone support such an argument with facts and legal citations. We begin with the presumption that the judgment is correct, and the burden is on the appellant to overcome this presumption with argument and citations to the record. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277; Cal. Rules of Court, rule 8.204(a)(1)(C).) Father's conclusory statement does not suffice. Moreover, he only asks us to remand with instructions for more specific visitation orders. We thus construe his appeal as asking us to reverse only the visitation portion of the order. We do not address any error as to the court's guardianship order apart from the issue of visitation.

directions for the juvenile court to specify the frequency and duration of visits between [F]ather and the [C]hildren."

We agree with the parties that the juvenile court erred in not ordering visitation for Father. Where a permanent plan of legal guardianship is ordered for a child, section 366.26, subdivision (c)(4)(C) governs parent-child visitation. (*S.H.*, *supra*, 197 Cal.App.4th at p. 1558.) Section 366.26(c)(4)(C) provides that when deciding legal guardianship, "[t]he court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (§ 366.26, subd. (c)(4)(C).) There is no evidence in the record that the juvenile court made a finding that Father's visitation would be detrimental to the physical or emotional well-being of the Children. To the contrary, it ordered visitation to be "worked out with the legal guardian" and "the monitor."

The juvenile court was required to issue a visitation order to ensure that visitation occurs. (*In re Ethan J.* (2015) 236 Cal.App.4th 654, 661.) "Because the trial court was required to make a visitation order unless it found that visitation was not in the children's best interest, it could not delegate authority to the legal guardian to decide whether visitation would occur." (*In re M.R.* (2005) 132 Cal.App.4th 269, 274 (*M.R.*).) While a court may leave the place, time, and manner of visitation to the discretion of the legal guardian, leaving the frequency and duration of visits to be determined with the guardian improperly allows the guardian to decide whether visitation will occur. (*In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314; *M.R.*, *supra*, 132 Cal.App.4th at p. 274.)

4

Father also argues that whether his visits are to be monitored should be decided by the court, not the guardian. But the juvenile court already ordered his visits monitored; it did not leave this issue to the discretion of the guardian. It did not terminate the services of the monitor. The court ordered visits to be "mutually agreed upon with the legal guardian and monitor," and stated, "I'm going to order just mutually agreed upon visits and . . . the monitor." Monitoring was clearly contemplated by the order.

Accordingly, we reverse and remand to the juvenile court to determine the frequency and duration of Father's visits.

## DISPOSITION

The order terminating jurisdiction is reversed. We remand to the juvenile court to make a visitation order that specifies the duration and frequency of Father's visits. Upon issuing a visitation order, the court shall terminate its jurisdiction.

HARUTUNIAN, J.[*]

We concur:

GRIMES, Acting P. J.

WILEY, J.

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.