Filed 8/29/22 In re K.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.W., a Person Coming Under the Juvenile Court Law. | C095104 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD231767) |
| Plaintiff and Respondent, | |
| v. | |
| Y.J., | |
| Defendant and Appellant. | |

Mother of the minor K.W. appeals from the juvenile court's October 2021 orders appointing the minor's foster parents as his legal guardians. Mother contends the visitation portion of the relevant orders must be reversed and remanded because of alleged inconsistencies and "conflicts," as well as improper delegation of visitation authority to the guardian. Mother also argues the juvenile court abused its discretion and

1

violated her due process rights in requiring her to pay for the costs of visitation services. Disagreeing, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, a dependency petition was filed in Los Angeles County pursuant to Welfare and Institutions Code section 300, subdivision (b); the minor was six years old.[1] The minor was declared a dependent in July 2014, and the case was transferred to Sacramento County in August 2014. In July 2016, the juvenile court terminated mother's reunification services.

In March 2021, the court set a selection and implementation hearing pursuant to section 366.26. The hearing was eventually held on October 21, 2021, with the court rejecting mother's October 14 request to reset the hearing. The written order from the October 21 hearing issued on October 25.

In its July 2021 selection and implementation report, the Sacramento County Department of Child, Family and Adult Services (Department) noted mother was participating in monthly supervised virtual visits. The minor had been living with his current foster family since June 2019, and he was happy and doing well. Both the minor and his foster family were interested in guardianship; the minor also wanted to continue contact with mother. The Department recommended suspending parental rights and appointing the minor's current caregivers as his legal guardians. With respect to visitation, the Department recommended the juvenile court order: "The mother shall have regular visitation with the [minor] as follows: Visitation between the child and the mother to occur *one time per month for 2 hours* in a supervised setting provided by [an agency in San Francisco], *with the cost to be paid by the mother*. The Guardians will

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

coordinate with the third-party agency to schedule the time, date, and location of each visit." (Italics added.)

The contested selection and implementation hearing was held on October 21, 2021; at the hearing, mother asked the juvenile court to return the minor to her care for reasons not relevant here. Declining to do so, the court found clear and convincing evidence that it was unlikely the minor would be adopted and it would be detrimental to terminate parental rights given that the minor was over the age of 12 years. The court further noted that the foster family was unwilling to adopt but was willing and capable of providing the minor with a stable and permanent environment, and removal would be detrimental to the minor's emotional well-being. The court orally made "all of the findings and orders reflected" in the Department's July 2021 report, including the recommended visitation order. In addition, with respect to visitation, the court orally ordered that the parents "shall be allowed contact with the child as arranged with the guardians and subject to any reasonable means, including supervision as the guardian considers necessary." No objections were raised to the order.

The juvenile court issued a written version of the order on October 25, 2021. With respect to visitation, the written order provides: "[Mother and father] shall be allowed contact with [the minor] as arranged with the guardian and subject to any reasonable conditions, including supervision, as the guardian considers necessary. [¶] Mother shall have regular visitation with the child as follows: Visitation between the child and mother to occur one time per month for 2 hours in a supervised setting provided by [the San Francisco agency], with the cost to be paid by mother. The Guardians will coordinate with the third-party agency to schedule the time, date and location of each visit."

Mother appealed from the October 14, 21, and 25, 2021 orders, filing two separate notices of appeal that we address together in this opinion. After multiple extensions of the briefing schedule, the case was fully briefed in June 2022, and assigned to this panel

3

that same month.  Neither party requested oral argument, and the case was deemed submitted on August 23, 2022.

DISCUSSION

I

*Conflict Between Visitation Orders and Delegation of Visits*

Mother first claims that "the juvenile court erred when it failed to make an appropriate visitation order for K.W. because the written and oral orders conflict with each other and improperly delegate authority to the guardians."  As we next explain, the claims fail to persuade.

A.  *Applicable Law and Arguments on Appeal*

When reunification has been terminated and the juvenile court adopts a permanent plan of guardianship, it must order visitation with the parents "unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child."  (§ 366.26, subd. (c)(4)(C); *In re M.R.* (2005) 132 Cal.App.4th 269, 274.)  A court may permit a legal guardian to determine the logistics of visitation, including time, place, and manner.  (*In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314.)  However, leaving the frequency and duration of visits to a guardian's discretion is impermissible because it allows the guardian to decide whether visitation actually will occur.  (*In re M.R.,* at p. 274; see also *In re Rebecca S.,* at p. 1314.)

Pointing to the juvenile court's statement during the October 21, 2021 hearing that mother "shall be allowed contact with the child as arranged with the guardians and subject to any reasonable means, including supervision as the guardian considers necessary," mother argues the court erroneously failed to specify the duration, frequency, or location of the visits.  She concludes this failure to orally specify the visitation details impermissibly delegated authority to the guardians to determine whether visits would occur.  Implicitly conceding the same deficiency she alleges within the oral order does not present in the written order, she adds that the written order is *internally* inconsistent

4

because, although specifying the duration, frequency, and location of the visits, the order also allows the guardians to coordinate with the San Francisco agency to "schedule the time, date and location of each visit." Mother further argues the latter direction impermissibly permits the guardians to decide whether visitation would actually occur. Finally, mother argues (somewhat redundantly) that the oral order is inconsistent with the written order because, unlike the written order, the oral order did not specify the duration, frequency, or location of the visits.

Simply put, because the written order appears on its face to be more complete than the oral order, mother claims error for a variety of reasons.

B. *Analysis*

First, as we set forth *ante*, on October 21, 2021, the juvenile court *orally adopted* the Department's recommended orders from the July report. These recommendations provided for visitation once a month for two hours in a setting supervised by the San Francisco agency. Although that statement of the duration and frequency of the visits, as well as location of supervision, was not repeated verbatim by the juvenile court, it was incorporated by reference. It is part of the oral order. Any claim of inconsistency in that regard lacks merit.[2]

Second, and accordingly, in both the written and oral versions of the order, the juvenile court set the frequency (once a month), duration (two hours), and location (a setting supervised by the San Francisco agency) of the visits. Because the court properly established the required parameters for visitation, it did not err when it left it to the guardians to set the specific date and time for the monthly two-hour visits. (See *In re M.R., supra*, 132 Cal.App.4th at p. 274 [a juvenile court "may delegate authority to the

---

[2] For the same reason, mother's undeveloped claim that "remand[] for correction" is warranted to reconcile the oral and written orders lacks merit.

legal guardian to decide the time, place, and manner in which visitation will take place," so long as it has also specified the duration, frequency, and location of the visits].)

## II

### *Payment of Costs*

Mother next claims that "[i]t was an abuse of discretion and denial of due process to require [her] to pay the costs of visitation services where [she] received no prior notice of the intended order, the order was not proposed or recommended by the department, the guardians agreed to pay for visitation services, [she] was never asked to pay visitation services, and the issue was never brought up or discussed in court."

Despite mother's arguments to the contrary, the Department's proposed visitation order specified that the costs for visitation were "to be paid by the mother" and, as we have described, this proposed order was incorporated by reference (along with the other proposed orders contained in the July 2021 report) by the juvenile court when it recited its oral order. Mother does not dispute that she had notice of the Department's proposed visitation order prior to the October 21, 2021 hearing, which necessarily put her on notice that payment of visitation costs was at issue during the hearing. To the extent mother appears to argue sufficiency of the evidence in her reply brief, the argument comes too late. In any event, mother points to no authority requiring the Department to present evidence in support of a proposed order regarding payment of visitation costs absent objection from the party who is the subject of the order--in this case, mother. The abuse of discretion and due process claims fail.

Finally, to the extent mother argues she was unaware that the juvenile court was *adopting* the proposed cost order during the hearing, the argument fails to persuade. As we have explained *ante*, the court made clear during the October 21 hearing that it was adopting the department's proposed orders, which included the proposed visitation cost order. Under the circumstances, we find no error.

# DISPOSITION

The orders are affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Hoch, J.

_____/s/_____
Earl, J.