Filed 7/19/23  In re R.F. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re R.F. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B325154 (Super. Ct. Nos. J072734, J072735) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>V.G.,<br><br>    Defendant and Appellant. | |

V.G. (Mother) appeals from the dispositional orders entered after the juvenile court granted legal guardianship of her minor daughters to a cousin in Riverside County.  (Welf. & Inst. Code,[1]

_____

[1] Statutory references are to the Welfare and Institutions Code.

§ 366.26, subd. (c)(4)(C).) Mother contends the court erred when it restricted visitation to four supervised hours per month and gave the guardian discretion to permit unsupervised overnight visits. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In December 2020 the Ventura County Human Services Agency (HSA) filed two section 300 petitions alleging that Mother had neglected her daughters, R.F. and G.F., and put them at risk of sexual abuse. Mother then failed to cooperate with HSA's investigation and was dismissive about the attempted abuse. HSA also alleged Mother put R.F. and G.F. at risk of emotional harm and was unable to protect them due to ongoing domestic violence.

At the jurisdictional hearing Mother submitted to the allegations in the petition. The juvenile court ordered R.F. and G.F. to be placed with a maternal cousin in Riverside County. It also ordered reunification services and supervised visitation for Mother.

Mother maintained regular contact with R.F. and G.F. during the reunification period. She was allowed overnight weekend visits in July and August 2021, and had a nearly two-week-long visit with her daughters the following December. Mother and her daughters all indicated that they enjoyed these visits.

After 18 months, HSA recommended terminating Mother's reunification services due to her inability to provide safe housing for R.F. and G.F. According to the HSA social worker, Mother was facing eviction because she did not pursue housing referrals despite repeated opportunities to do so. In contrast, R.F. and G.F. had a secure and stable home environment with their

2

maternal cousin and were thriving academically and emotionally. HSA thus recommended granting the cousin legal guardianship.

The juvenile court agreed with HSA's recommendation and ordered a legal guardianship with the maternal cousin. Regarding visitation, the court ordered a minimum of two hours of supervised visits every other week for Mother. It gave the guardian the discretion to liberalize Mother's visitation to unsupervised overnights and to grant additional visitation if it was in R.F.'s and G.F.'s best interests.

## DISCUSSION

Mother contends the juvenile court erred when it restricted her visits to four supervised hours per month and granted her cousin the discretion to liberalize visits to unsupervised overnights. We disagree.

"After the termination of reunification services, [a parent's] interest in the care, custody[,] and companionship of the child are no longer paramount." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) "Rather, at this point 'the focus shifts to the needs of the child for permanency and stability.'" (*Ibid.*) If the juvenile court orders legal guardianship after this shift occurs, section 366.26, subdivision (c)(4)(C), requires it to "make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." When the court makes such an order, it must "ensure that at least some visitation, at a minimum level determined by the court itself, will in fact occur." (*In re S.H.* (2003) 111 Cal.App.4th 310, 313.) It must also "provid[e] for flexibility in response to the changing needs of the child and . . . dynamic family circumstances." (*Id.* at p. 317.)

3

We review a visitation order for abuse of discretion. (*In re S.H.* (2011) 197 Cal.App.4th 1542, 1557-1558.) A court abuses its discretion when it "delegate[s] authority to the legal guardian to decide whether visitation [will] occur." (*In re M.R.* (2005) 132 Cal.App.4th 269, 274.)

There was no abuse of discretion here. Having terminated reunification services and ordered legal guardianship, the juvenile court appropriately focused its attention on R.F. and G.F.'s best interests, not Mother's. R.F. and G.F. were satisfied living with their cousin in Riverside County. They "appear[ed] to be comfortable, happy, and to be doing well."

Mother, in comparison, had been unable to secure suitable housing to accommodate visits with her daughters despite repeated opportunities to do so. She still lived in the same home from which her daughters were removed. She faced eviction. And there was no indication that she could arrange for temporary safe housing for unsupervised overnight visits with R.F. and G.F.—either in Ventura County or by traveling to Riverside County. Based on these circumstances, it was reasonable for the court to limit visitation to supervised visits every two weeks.

It was also reasonable for the juvenile court to permit the guardian to liberalize Mother's visitation. And in doing so, the court did not impermissibly vest the guardian with discretion to determine whether *any* visitation would occur, as Mother asserts. In *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1313, the juvenile court abdicated its duties by giving the legal guardian sole discretion to arrange the frequency and duration of visitation. The court here ordered a minimum of two hours of visitation every two weeks, obviating any concern over "whether visitation actually will occur." (*Id.* at p. 1314.) It also ensured

4

that visitation would be flexible by allowing Mother and the guardian to arrange for unsupervised overnight visits if it was in the best interests of R.F. and G.F. That was not an abuse of discretion.

DISPOSITION

The juvenile court's dispositional orders, entered December 15, 2022, are affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____

     Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Appellant.
     Tiffany N. North, County Counsel, Joseph J. Randazzo, Assistant County Counsel, for Plaintiff and Respondent.