Filed 9/19/24  In re V.M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re V.M., a Person Coming Under the Juvenile Court Law. | |
| HUMBOLDT COUNTY DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>K.C.,<br><br>　　Defendant and Appellant. | A170164<br><br>(Humboldt County Super. Ct. No. JV2200211) |

**MEMORANDUM OPINION**[1]

K.C. (Mother) appeals from the court's order of guardianship as the permanent plan for her child, V.M., under Welfare and Institutions Code[2] section 366.26.  Mother raises a single issue.  She argues the juvenile court erred by failing to make an order regarding child visitation.  The Humboldt County Department of Health & Human Services (Department) filed a letter

---

[1] Because mother's appeal raises no substantial issues of law or fact, we resolve this cause by abbreviated form of opinion as permitted by California Standards of Judicial Administration, section 8.1.

[2] All statutory references are to the Welfare and Institutions Code.

with this court stating it has no opposition to a remand for the purpose of allowing the juvenile court to make a visitation order.

Accordingly, we will remand this case to allow the juvenile court to order visitation or to otherwise exercise its discretion to deny visitation under section 366.26, subdivision (c)(4)(C).

## BACKGROUND

Mother has a history of substance abuse and relationships involving domestic violence. She admitted using methamphetamine when she was first pregnant with V.M. and, again, just a few weeks before V.M. was born. V.M. was detained and placed in foster care with her maternal grandmother shortly after birth in November 2022. After the Department filed a dependency petition based on these concerns, the court sustained the allegations in the petition on January 25, 2023, finding that V.M. was a minor described by section 300, subdivision (b)(1).

The matter proceeded to a permanency planning hearing held on February 7, 2024. V.M. was permanently placed in guardianship with her maternal grandmother. The court declined to make any order at the hearing regarding visitation because the maternal grandmother had been facilitating visitation without a court order. After the grandmother told the court that V.M.'s parents were welcome to visit in her home, the court stated, "I'm not going to make any orders. In my experience, that sometimes can go sideways for many different reasons. So I have a grandmother, who has made the statement she made today, I'm confident that I'm not going to have to be involved. I'll just remind both parents that, you know, sobriety, respect, and you'll be able to see your child."

2

## DISCUSSION

Section 366.26, subdivision (c)(4)(C) provides that when guardianship is selected as the appropriate plan at a permanency planning hearing, "The court shall also make an order for visitation with the parents or guardians unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." Here, the court expressly declined to make an order regarding visitation. Instead, it appears to have delegated the issue entirely to the legal guardian. This was error.

Section 366.26, subdivision (c)(4)(C) prohibits the juvenile court from completely delegating its authority over visits to the guardian. (*In re M.R.* (2005) 132 Cal.App.4th 269, 274.) "Because the trial court was required to make a visitation order unless it found that visitation was not in the [child's] best interest, it could not delegate authority to the legal guardian to decide whether visitation would occur." (*Ibid.*)

We therefore remand this case for the trial court to exercise its discretion under section 366.26, subdivision (c)(4)(C). In the event the court concludes visits remain in V.M.'s best interests, "the trial court must specify not only that [M]other has a right to visit [V.M.], but must also specify the frequency and duration of those visits." (*In re M.R., supra,* 132 Cal.App.4th at p. 274.)

## DISPOSITION

This case is remanded for the court to issue an order regarding visitation as required by section 366.26, subdivision (c)(4)(C). In all other respects, the order selecting guardianship as the permanent plan is affirmed.

SIGGINS, J.*


WE CONCUR:


HUMES, P. J.


BANKE, J.


A170164
*In re V.M.*

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4