Filed 3/26/15  In re Sadie C. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re SADIE C., a Person Coming Under the Juvenile Court Law. | B257533 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOSE C.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK91353) |

APPEAL from an order of the Superior Court of Los Angeles County.  D. Zeke Zeidler, Judge.  Affirmed.

Christopher Blake, under appointment by the Court of Appeal, for Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Kim Nemoy, Deputy County Counsel, for Respondent.

_____

The juvenile court asserted dependency jurisdiction over two-year-old Sadie C. At the disposition hearing, the court ordered monitored visitation for both parents. Jose C. (father) challenges the order for monitored visitation, contending it was an abuse of discretion. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2012, the juvenile court sustained a dependency petition involving Sadie C. The court sustained allegations that the parents had engaged in violent altercations in Sadie's presence, placing her at risk of harm. The case was closed in September 2013. A restraining order had been issued earlier that year, in February 2013, which apparently prohibited any non-peaceful contact between the parents.[1] Father had primary physical custody of Sadie; the two were living with the paternal grandparents.

In September and December 2013, alleged incidents of domestic violence occurred. In September 2013, father reported to police that mother showed up at his workplace and hit him several times. In December 2013, father informed police that when he was picking up Sadie from a visit with mother, mother handed Sadie to the paternal grandfather, then she approached father where he was waiting in a parked car and punched him in the eye. There was visible swelling. Mother denied the allegations. Father later admitted to DCFS that at least one detail of this incident was false; he admitted the paternal grandfather was not with him.

In late December 2013, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging general neglect on mother's part. An "anonymous" caller reported mother—the sister of the caller's ex-girlfriend—"came to his home and she started showing her naked body to his friends," in the presence of Sadie. In January 2014, DCFS received another referral reporting mother had been seen pulling Sadie's hair. While investigating the referral, the social worker determined father had violated the restraining order or the "safety plan" by dropping Sadie off, by himself,

---

[1]     The copy of the restraining order included in the record is not entirely legible; our summary is taken from the legible portions of the order included in the record, as well as other portions of the record describing the restraining order.

at mother's apartment, rather than at a designated police station. The social worker also spoke with a "confidential" source who indicated that when mother had Sadie with her, the two stayed in mother's room all day. Mother denied this allegation. The source also reported that on one occasion, mother accidentally called this person, and the source heard what sounded like father trying to force himself into mother's home. Father was cursing and Sadie was crying. However, the source could not confirm if the parents were struggling or what was happening, since the person was not present. The source could not recall when this incident happened.

At the jurisdiction hearing the parents submitted on the jurisdiction and disposition report. Father argued the court should only sustain the jurisdictional allegations relating to mother's conduct. The juvenile court sustained the petition with the following amended allegation: "The parents violated a restraining order by having contact with each other which was not peaceful. The father has a criminal conviction for False Imprisonment. The child is a prior dependent of the Juvenile Court due to the parent's [*sic*] history of engaging in domestic violence in the child's presence. Such violent conduct between the parents in the presence of the child, endangers the child's physical health and safety, placing the child at risk of physical harm, damage and danger." At disposition, father's counsel argued the court should order domestic violence counseling or individual counseling to address case issues, but not both. Father's counsel did not mention the DCFS recommendation that the parents have only monitored visits.

The court ordered Sadie removed from the parents' custody. The parents were ordered not to visit Sadie together. The court ordered father to attend and complete a domestic violence batterer intervention program, individual counseling to address case issues, and anger management if the individual therapist or domestic violence counselor so recommended. The court further ordered: "The father's visits are monitored by a DCFS–approved monitor at least weekly – at least twice weekly, at least one hour per visit. The department has discretion to liberalize in writing." Father did not object to this order.

3

## DISCUSSION

### Father Has Forfeited a Challenge to the Visitation Order By Failing to Raise it Below

Father's sole contention on appeal is that the juvenile court abused its discretion in awarding him only monitored visitation.  We agree with DCFS that father forfeited this argument by failing to raise it below.[2]

Monitored visits were recommended in the jurisdiction and disposition report.  When asked for his views on disposition, father's counsel discussed only counseling orders and education rights.  Father did not challenge the DCFS recommendation for monitored visits.  Nor did father object after the court issued the visitation order.  As is true in other cases, in dependency matters arguments may be forfeited when they are raised for the first time on appeal.  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.)  Thus, for example, in *In re Anthony P.* (1995) 39 Cal.App.4th 635, at a section 366.26 hearing, the mother did not raise the issue of sibling visitation.  On appeal, the mother contended the order terminating her parental rights should be reversed because the juvenile court failed to provide for ongoing sibling visitation in the permanent plan.  The appellate court concluded the mother waived her right to assert any error as to sibling visitation by not raising the issue in the juvenile court.  (*Id.* at p. 641; see also *In re Alexandria P.* (2014) 228 Cal.App.4th 1322, 1346 [forfeiture of argument that Indian tribe's consent to foster care placement waived application of ICWA adoptive placement preferences]; *In re Urayna L.* (1999) 75 Cal.App.4th 883, 886 [mother forfeited challenge to adequacy of adoption assessment by failing to object below]; *In re Christopher B.* (1996) 43 Cal.App.4th 551, 558 [parent forfeited forum non conveniens objection by failing to raise it in trial court]; *In re Daniel D.* (1994) 24 Cal.App.4th 1823, 1831

---

[2]  Father did not file a reply brief in this matter or otherwise address the forfeiture argument.

4

[mother forfeited right to argue on appeal that child should be placed with grandmother; mother instead argued only that child should be placed with her].)

Similarly, in this case, father had only monitored visits at the time of the jurisdiction and disposition hearing. Yet, he failed to object to the DCFS recommendation of monitored visits in the jurisdiction and disposition report. He did not mention the monitored visits at the disposition hearing when asked for argument on the case plan. And, after the court issued the order for monitored visits, father raised no objection. The issue neither presents a pure question of law which can be decided based on undisputed facts (*In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1501; *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1313-1314), nor does it present an "important legal issue." (*S.B., supra,* 32 Cal.4th at p. 1293.) We thus conclude father has forfeited his right to challenge the court's order of monitored visits on appeal.[3]

## DISPOSITION

The juvenile court order is affirmed.


BIGELOW, P.J.

We concur:


FLIER, J.


GRIMES, J.

---

[3] We note that father always has the option of filing a petition under section 388 for a change in court order, should there be an appropriate basis to do so.