Filed 1/19/22  In re Carlos R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re CARLOS R. et al., Persons Coming Under the Juvenile Court Law. | B311026 (Los Angeles County Super. Ct. No. CK90485) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| CARLOS R., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Dismissed in part as moot; reversed in part and remanded.

Annie Greenleaf, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Deputy County Counsel, for Plaintiff and Respondent.

_____

Carlos R. (Father) appeals from the visitation order granting him monthly unmonitored visits with 15-year-old Carlos Manuel (Manuel) and monthly monitored visits with 12-year-old Erika and nine-year-old Carlos Javier (Javier). Father contends the juvenile court abused its discretion by failing to specify the duration of the monthly visits, thereby allowing the legal guardians to control whether visitation occurs between Father and the children. While Father's appeal was pending, the juvenile court returned Manuel to Father's physical custody. We dismiss Father's appeal as to Manuel as moot. We agree with Father the juvenile court abused its discretion in failing to set a minimum duration for his visits with Erika and Javier, and we reverse the visitation order.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Dependency Petition*

In November 2011 the Los Angeles County Department of Children and Family Services (Department) filed a petition under Welfare & Institutions Code section 300, subdivision (b)(1),[1] on behalf of then-six-year-old Manuel, then-three-year-old Erika,

_____

[1] All further undesignated statutory references are to the Welfare & Institutions Code.

2

and then-three-month-old Javier.  On November 29 the juvenile court sustained the allegations Maria M. (Mother) used methamphetamine; on October 19, 2011 she was under the influence of methamphetamine while caring for the children; she was subsequently convicted of child endangerment; and her drug use placed the children at risk of physical harm.[2]

On January 13, 2012 the juvenile court sustained the allegations Father had a history of alcohol and methamphetamine use; he was convicted of possession of a controlled substance and driving while under the influence of alcohol; and his use of drugs and alcohol endangered the children's physical and emotional health and safety.  The court removed the children from Father's physical custody and ordered him to participate in parenting classes, individual counseling, conjoint counseling with the children at the discretion of the therapist, alcohol and drug counseling, and weekly random alcohol and drug testing.  On July 26, 2013 the court returned the children to Father's physical custody and ordered random weekly drug testing for Father, unannounced home visits twice a month, and Father to obtain Department-approved childcare.

B.    *The Subsequent Dependency Petition*

On December 31, 2013 the Department filed a subsequent petition under section 342 on behalf of the three children, asserting new allegations under section 300, subdivisions (b)(1)

---

[2]    It appears the children were removed from Mother's physical custody, although the appellate record does not state when the children were removed.  Mother is not a party to this appeal.

and (j).  The petition alleged Father failed to keep Manuel's appointments with Manuel's psychiatrist and did not provide Manuel with prescribed medication for Attention Deficit Hyperactivity Disorder (ADHD) for over two months.  Further, Father failed to keep Erika's appointments with her psychiatrist and did not regularly provide Erika with prescribed medication for her mood disorder (oppositional defiant disorder), ADHD, and visual and auditory hallucinations.  The petition also alleged Father failed to supervise then-two-year-old Javier, who was found alone in the street.  The petition alleged Father's actions endangered the children and placed them at risk of physical harm.

At the February 5, 2014 jurisdiction hearing, the juvenile court sustained all the allegations.  At the subsequent disposition hearing, the court removed the children from Father and granted Father six months of family reunification services.  The court ordered Father to comply with medical appointments for the children, to provide them with prescribed medication, to attend parenting classes for special needs children, and to participate in individual counseling to address case issues, including child safety.

At the October 31, 2014 contested permanency review hearing (§ 366.22), the juvenile court terminated Father's family reunification services after finding Father was only in partial compliance with his case plan.  The court granted Father unmonitored visits with the children provided the visits did not occur at his workplace, with the Department having discretion to allow Father overnight visits once Father completed his classes for parenting special needs children.

4

At the August 6, 2015 selection and implementation hearing (§ 366.26) for Erika and Javier, the juvenile court appointed their caregivers, Maria U. and Luis O., as the children's legal guardians. At the October 21, 2015 selection and implementation hearing for Manuel, the court appointed his caregivers, Susana and Rosalio N., as his legal guardians. The court retained jurisdiction as to all three children.

On April 20, 2016 the juvenile court granted Father unmonitored overnight visits with the children. But on September 22 the Department filed a petition under section 388 requesting Father's visits become monitored because Father tested positive for methamphetamine. Father admitted he became extremely intoxicated and used methamphetamine on his birthday. On October 19 the court granted the Department's section 388 petition and ordered monitored visitation, but with Father's visits to "revert back to unmonitored visits once he has tested clean 4 consecutive times."

On November 25, 2016 Father resumed unmonitored visits with the children after testing negative four times. However, on December 22 Father again tested positive for methamphetamine. In 2017 the legal guardians exercised their discretion that Father's visits again be monitored because of his suspected drug use, his leaving one of the younger children with a person the legal guardians did not know, and Manuel being injured during an unmonitored visit with Father.

Father tested positive for cannabinoids two times in November and once in December 2017, and he tested positive for methamphetamine on January 3, 2018. Father also missed four drug tests between November 2017 and February 2018. From October 2017 to April 2018 Father attended three out of 10

scheduled visits with Erika and Javier.[3] From July to September 2018 Father attended four out of nine visits with Erika and Javier.

After three community monitoring facilities dropped Father for missing consecutive visits with Erika and Javier, in January 2019 the Department scheduled Father's visits with Erika and Javier for every other week at the Department's office. But Father only visited Erika and Javier once a month. In 2020 Father had one monitored visit with Erika and Javier, on January 7. Father did not contact the social worker again until November 2020, when his wife called to schedule a visit for January 2021. Father did not call Erika or Javier for four months, from approximately July to October 2020. Because of the COVID-19 pandemic, Father's January 2021 visit with Erika and Javier was rescheduled for February.

C.      *The Post-permanency Review Hearing*

At the February 24, 2021 post-permanency review hearing (§ 366.3), the parties addressed Father's visitation with Erika and Javier.[4] Father's attorney stated that Father "has been prevented on an ongoing basis from visiting with his children due

---

[3]     Because we dismiss Father's appeal as to Manuel as moot, we only discuss Father's visitation with Erika and Javier.

[4]     The Department reported in a last minute information for the court that the legal guardians for Erika and Javier did not feel comfortable with Father having unmonitored visitation because of inappropriate comments about the dependency case that Father's wife made to the children during a monitored call a week before the hearing.

to the legal guardian having the discretion as to whether he visits at all. And they've exercised their discretion to effectively not permit those visits to occur." Father's attorney requested the juvenile court order four hours of unmonitored visitation each week "so he can have an ongoing relationship with his children." Minors' counsel responded that Erika and Javier did not feel comfortable having unmonitored visitation with Father. The Department urged the court to continue the order for monitored visitation. The court responded, "[T]he guardians don't have a right to keep [F]ather from visiting on a monitored basis for Erika and [Javier]. That's clearly set out in the guardianship papers. Father has monitored visits once a month with all of the children right now."

After further argument, the juvenile court ordered, "As for Erika and [Javier], their [legal guardian] documents will remain as previously entered into the record. Father, one monitored visit[] per month at a minimum. Additional monitored visits if the children and the father wish to do so. Guardians to make arrangements for those additional visits." The court then terminated jurisdiction, finding "no further need for judicial oversight and intervention."

Father timely appealed the final visitation order. During the pendency of Father's appeal, the juvenile court ordered Manuel returned to Father's physical custody at the October 19, 2021 selection and implementation hearing (§ 366.26).[5]

---

[5]     On November 2, 2021 we granted the Department's request for judicial notice of the October 19, 2021 minute order. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

7

## DISCUSSION

A.     *Father's Appeal of the Visitation Order for Manuel Is Moot*

A dependency appeal ""'becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief.'"'" (*In re J.P.* (2017) 14 Cal.App.5th 616, 623; accord, *In re N.S.* (2016) 245 Cal.App.4th 53, 61 [mother's appeal was moot where juvenile court awarded her custody of minor and dismissed dependency proceedings]; *In re Albert G.* (2003) 113 Cal.App.4th 132, 134 [maternal aunt's appeal of child's removal from her care and denial of her section 388 petition were rendered moot by child's adoption].)

Father challenges the juvenile court's visitation order granting him unmonitored visitation once per month with Manuel. But at the October 19, 2021 selection and implementation hearing, the juvenile court returned Manuel to Father's physical custody and ordered the Department to provide Father with family maintenance services and to make unannounced visits. We agree with the Department that Father's appeal is therefore moot because even if we reversed the visitation order, we would be unable to grant Father any effective relief. Father does not present any arguments to the contrary in his reply brief.

B.     *The Juvenile Court Abused Its Discretion in Failing To Specify the Duration of Father's Visits in the Visitation Order*

"When, as here, the juvenile court orders a legal guardianship at the permanency planning hearing, it must 'make

8

an order for visitation with the parents . . . unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child.'" (§ 366.26, subd. (c)(4)(C).)" (*In re Ethan J.* (2015) 236 Cal.App.4th 654, 661; accord, *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1313; *In re M.R.* (2005) 132 Cal.App.4th 269, 274 ["the trial court was required to make a visitation order unless it found that visitation was not in the children's best interest"].) "[T]he juvenile court cannot delegate the decision whether visitation will occur to any third party, including the child, the social services agency, or the guardian." (*In re Korbin Z.* (2016) 3 Cal.App.5th 511, 516; accord, *In re T.H.* (2010) 190 Cal.App.4th 1119, 1123 ["The power to determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties."].) "The time, place, and manner of visitation may be left to the legal guardians, but the guardians shall not have discretion to decide whether visitation actually occurs." (*In re Grace C.* (2010) 190 Cal.App.4th 1470, 1478; accord, *Rebecca S.*, at p. 1314 ["leaving the frequency and duration of visits within the legal guardian's discretion allows the guardian to decide whether visitation actually will occur"]; see *In re S.H.* (2003) 111 Cal.App.4th 310, 317 ["the power to decide whether *any* visitation occurs belongs to the court alone"].) "'We review applicable legal principles de novo, but apply a deferential standard of review to the court's exercise of discretion and resolution of disputed facts.'" (*Rebecca S.*, at p. 1314.)

Father contends the juvenile court abused its discretion because it left the duration of his visits with Erika and Javier to the legal guardians' discretion, and the legal guardians could

9

reduce Father's visitation time to effectively prevent any visitation. The Department in response relies on *In re Grace C., supra*, 190 Cal.App.4th at pages 1478 to 1479, in which the Court of Appeal upheld a visitation order that allowed the legal guardians to reduce the mother's visitation upon a written recommendation by the children's therapist that visitation be adjusted, with prior notice to the mother. In finding no abuse of discretion, the Court of Appeal emphasized that the court's visitation order provided "in great detail" the frequency and duration of the visits and it was undisputed that the "visits were going well and were expected to continue indefinitely." (*Ibid.*) The court concluded that under these circumstances, the juvenile court "properly considered the need for flexibility and allowed for adjustments if necessary after the termination of jurisdiction." (*Id.* at p. 1479.) Further, "[i]f visits are reduced and mother contends that the legal guardians lack good reasons for the reduction, mother may petition the juvenile court for relief." (*Ibid.*)

Father acknowledges that if the legal guardians dramatically curtail his visitation, he can petition for relief under section 388,[6] but he contends he would have difficulty showing a change in circumstances given the juvenile court's failure to set a

---

[6]     As the court explained in *In re Grace C.*, "[A]lthough the court would no longer hold ongoing review hearings after it [terminated] dependency jurisdiction, the court retained jurisdiction over the minors as guardianship wards, and [the parent] was free to petition the court for a change in order if a problem with visitation developed." (*In re Grace C., supra*, 190 Cal.App.4th at p. 1476, fn. 5, citing §§ 366.3, subd. (a), 388.)

10

baseline for the duration of his visits.  (See § 388, subd. (a)(1) ["Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action . . . in which a guardianship was ordered pursuant to Section 360 for a hearing to change, modify, or set aside any order of court previously made . . . ."].)

We agree.  Although the legal guardians could not, consistent with the visitation order, reduce Father's visits to five or even 15 minutes, as suggested in Father's opening brief, Father would have limited recourse if the legal guardians were to limit his visitation to, for example, an hour, which would be minimal visitation in light of Father's once-monthly visits.  And the court failed to explain why it impliedly rejected Father's request for four-hour visits.  The juvenile court therefore abused its discretion in failing to ensure adequate visitation by setting a minimum duration for the visits.  (See *In re Rebecca S., supra*, 181 Cal.App.4th at pp. 1313-1315 [visitation order that provided for monitored visits for the parents with "[d]uration, frequency and location to be determined by the legal guardian" was abuse of discretion]; *In re M.R., supra*, 132 Cal.App.4th at pp. 272, 274 [juvenile court abused its discretion in ordering visitation be "'supervised and arranged by the legal guardians at their discretion'" because the order "left every aspect of visitation, other than supervision to the discretion of the legal guardian"].)

The fact Father had not consistently visited Erika and Javier in 2019 and 2020, as argued by the Department, is not a basis for the juvenile court's failure to exercise its discretion in setting a minimum duration of Father's visits.  To the extent the juvenile court wanted to provide flexibility to the legal guardians,

11

it could have set a minimum duration for Father's visits, then clearly specified the conditions under which the legal guardians could reduce the length of the visits.  We therefore reverse the visitation order and remand for the juvenile court to hold a new post-permanency review hearing to consider Father's request for visitation in light of current conditions and to specify the frequency and duration of Father's visits.

## DISPOSITION

Father's appeal as to Manuel's visitation order is dismissed as moot.  With respect to Erika and Javier, we reverse the visitation order and remand to the juvenile court for a new post-permanency review hearing at which the court must consider Father's request for visitation in light of current conditions and specify the frequency and duration of Father's visits.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.

12