Filed 7/27/22  In re K.B. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.B. et al., Persons Coming Under the Juvenile Court Law. | B317711 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. P.G., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP01142A-B) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Conditionally affirmed in part, reversed in part, and remanded with directions.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

Ann-Marissa Cook for the Minor.

_____

P.G. (Mother) appeals from juvenile court orders establishing a legal guardianship over K.B. and K.S. (Minors) and terminating dependency jurisdiction.  Mother contends the juvenile court erred in two ways: (1) by delegating authority to the appointed guardian to determine whether and when visitation between Mother and Minors would occur; and (2) by not ensuring adequate inquiry into whether Mother or the Minors' father, M.B., have any Indian heritage such that Minors would qualify as Indian children under the Indian Child Welfare Act (ICWA) and related California law.  Mother, the Los Angeles County Department of Children and Family Services (DCFS), and Minors have stipulated to a conditional affirmance of the guardianship order and a limited reversal of the order terminating dependency jurisdiction to remedy these deficiencies. We accept the parties' stipulation.

Our ability to accept the parties' stipulation in the dependency context is discussed in *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382 (*Rashad H.*).  The present case involves reversible error because the parties agree, and we concur, there was noncompliance with (1) law governing visitation when a guardianship order is made (see, e.g., *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1313-1314) and (2) ICWA and related California provisions (see, e.g., Welf. & Inst. Code, § 224.2, subds.

(b)-(c).)  Because this case would be subject to reversal to permit compliance with these legal requirements absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8).  That is to say, we find the interests of non-parties or the public are not adversely affected by our acceptance of the stipulation and the remand will not erode public trust or reduce the incentive for pretrial settlement.  (See *In re Rashad H.*, *supra*, at 379-382; see also *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329-1330.)

## DISPOSITION

The juvenile court's January 3, 2022, order granting a guardianship over Minors is conditionally affirmed.  The juvenile court's January 3, 2022, order terminating jurisdiction over Minors is reversed.  The cause is remanded solely for proceedings required by this opinion.

The juvenile court is directed to re-appoint counsel for Mother and to order DCFS to investigate whether there is reason to believe Minors may be Indian children under ICWA and corresponding California statutes.  If proper investigation (to include efforts to interview Mother and available paternal and maternal relatives) is documented by DCFS and found to have been undertaken by the court, and if no tribe has stated (after notice, if required) that either Minor is an Indian child, the juvenile court shall reinstate the guardianship order, make a visitation order that specifies whether and when visitation between Mother and Minors shall be permitted, and terminate dependency jurisdiction.  If a tribe asserts either Minor is an

Indian child, the juvenile court is to proceed in compliance with ICWA and related California provisions.

Pursuant to the parties' stipulation, the remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.