Filed 10/25/24 In re S.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re S.S., A Person Coming Under Juvenile Court Law. | B332819 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 18CCJP02932A) |
| Plaintiff and Respondent, | |
| v. | |
| G.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge. Affirmed in part, reversed in part, and remanded with directions.

Lillian Hamrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

G.S. (father) appeals the juvenile court's summary denial of his petition to modify its order under Welfare and Institutions Code section 388[1] and the juvenile court's visitation order that failed to specify any minimum frequency or duration for father's visits with his daughter S.S. (born 2012).  We affirm the summary denial of father's section 388 petition, but reverse the visitation order and remand for the juvenile court to provide a more certain one.

The parties are familiar with the facts and we resolve this appeal by memorandum opinion consistent with constitutional principles.  (Cal. Const., art. VI, § 14 ["Decisions of the . . . courts of appeal that determine causes shall be in writing with the reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263.)

## DISCUSSION

### I.  Summary Denial of Section 388 Petition

Father contends the juvenile court erred in denying his petition without holding an evidentiary hearing.  We review a summary denial of a section 388 petition for abuse of discretion. (*In re Angel B.* (2002) 97 Cal.App.4th 454, 460 (*Angel B.*).)

### A. Mootness

As a preliminary matter, we reject the Los Angeles Department of Children and Family Services (Department's) contention that father's challenge to the juvenile court's summary denial of his section 388 petition is moot.  The Department is incorrect that no effective relief can be granted.  The juvenile court retained jurisdiction when it appointed S.S.'s legal

---

[1]    All further statutory references are to the Welfare and Institutions Code.

2

guardian, and its order may still be set aside or modified under section 388. (*B.B. v. Superior Court* (2016) 6 Cal.App.5th 563, 569; *In re Priscilla D.* (2015) 234 Cal.App.4th 1207, 1215-1216 [legal guardianship "is not irrevocable," and "nothing precludes a parent whose parental rights have not been terminated from seeking to regain custody of their dependent minors. Indeed, the dependency scheme provides for such a result in the case of a legitimate change of circumstances"].)

**B. Section 388**

Under section 388, a parent may petition to modify a juvenile court's order "upon grounds of change of circumstance or new evidence." (§ 388, subd. (a)(1).) Such a petition must allege facts showing (1) changed circumstances or new evidence to justify the requested order, and (2) that the requested order would serve the minors' best interests. (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.) The parent must make a prima facie showing as to both elements before the juvenile court is required to hold an evidentiary hearing on the petition. (*In re Samuel A.* (2020) 55 Cal.App.5th 1, 7 (*Samuel A.*).)

Although a section 388 petition must be construed liberally in favor of sufficiency, a juvenile court may deny the petition without a hearing if it finds the petition fails to make a prima facie case as to either or both tests under section 388. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188-189.) A prima facie showing is not made "unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re J.P.* (2014) 229 Cal.App.4th 108, 127.)

3

### C. No abuse of discretion in the summary denial

Father's section 388 petition did not state a prima facie case requiring the juvenile court to hold an evidentiary hearing. He alleged he had been released from prison and was searching for housing and provided a declaration to that effect. Assuming this constituted a change in circumstance for purposes of section 388, father nonetheless failed to state a prima facie case for why the proposed modification—placing S.S. with him, or ordering reunification services with the hope that S.S. could be placed with him in the future—would be in S.S.'s best interests. The child's best interests "are not to further delay permanency and stability in favor of rewarding" the parent for his "hard work and efforts to reunify." (*In re J.C.* (2014) 226 Cal.App.4th 503, 527; accord *Angel B., supra,* 97 Cal.App.4th at pp. 464-465 [even though mother was doing well in remaining sober, completing classes, obtaining employment, and visiting regularly, she failed to state prima facie case that granting her section 388 petition was in best interest of child removed from her care at birth].)

Father's petition failed to "describe specifically how the petition will advance the child's best interests." (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) Although father alleged "there is no one willing to provide a permanent plan for [S.S.]" aside from father, the record in fact showed the court-appointed legal guardian, who had cared for S.S. since 2021, was willing and able to continue in that role. (See *Samuel A., supra,* 55 Cal.App.5th at p. 7; *In re Alayah J.* (2017) 9 Cal.App.5th 469, 478 ["the allegations of the petition must be specific regarding the evidence to be presented and must not be conclusory"].) Guardianship is a permanent plan when adoption, the statutorily preferred option, is not appropriate. (*In re M.V.* (2023) 87 Cal.App.5th 1155, 1186.)

4

The trial court was justified in determining that adoption was not appropriate here, as the caretaker's refusal to adopt S.S. was not due to her unwillingness to care for her, but rather her desire for continued services and support from the court and the social worker in navigating S.S.'s severe behavioral and mental health challenges.[2]

Even assuming father showed a change in circumstances, the court was well within its discretion in finding his conclusory allegations insufficient to demonstrate reunification services would be in S.S.'s best interest. Father had only met S.S. once in person in 2014 (when S.S. was two years old), and had not found stable housing since release from his lengthy incarceration. (See *Samuel A.*, *supra*, 55 Cal.App.5th at p. 7 [when determining whether parent made prima facie showing, " 'the court may consider the entire factual and procedural history of the case' "]; *Angel B., supra,* 97 Cal.App.4th at p. 463 [parent failed to make prima facie showing where she pointed to no evidence she "was ready to assume custody . . . or provide suitable care," or "that she had a housing situation suitable" for the child].)

The record indicates the trial court's careful consideration of S.S.'s history, in particular her profound and ongoing mental health and behavioral challenges stemming from a deeply traumatic early childhood. S.S. suffered extensive physical abuse at the hands of her mother and other adults from the time she was a small child, and her inclinations toward aggressive behaviors and self-harm have resulted in multiple hospitalizations. S.S. consistently reported her desire to stay with the caregiver appointed as her legal guardian, who S.S.

---

[2] S.S.'s tantrums last "between an hour and four hours."

referred to as "mom."  S.S. "was triggered and started to act out" after calls from father.  On this record, the trial court's summary denial of the section 388 petition was not an abuse of discretion.

**II.     The Juvenile Court Erred in Failing to Specify the Frequency and Duration of Father's Visits in its Visitation Order**

Father argues that the juvenile court erred in failing to specify the frequency and duration of father's visits.  We review visitation orders in dependency cases for abuse of discretion. (*In re J.P.* (2019) 37 Cal.App.5th 1111, 1119; *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1313-1314 (*Rebecca S.*).)

Although we agree with the Department that father forfeited this argument by failing to object to the visitation order in the juvenile court, we exercise our discretion to consider the merits of father's argument.  (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.)

The juvenile court exceeded its discretion when it ordered "monitored phone calls" for father without specifying a minimum frequency or duration of those calls, leaving it entirely within the legal guardian's discretion.  (See *Rebecca S., supra*, 181 Cal.App.4th at p. 1314 ["The time, place, and manner of visitation may be left to the legal guardian, but leaving the frequency and duration of visits within the legal guardian's discretion allows the guardian to decide whether visitation will actually occur"]; *In re M.R.* (2005) 132 Cal.App.4th 269, 274 [trial court may "not delegate authority to the legal guardian to decide whether visitation would occur"].)

## DISPOSITION

The order summarily denying father's section 388 petition is affirmed. The portion of the order regarding visitation is reversed, and the matter is remanded to the juvenile court with directions to specify the frequency and duration of father's visits.

DAVIS, J.*

WE CONCUR:

MOOR, Acting P. J.

KIM, J.

_____

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.